Walter Smith, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

·Argued December 6, 1974, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Walter Smith,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, January 30, 1975:

This is an appeal by Walter Smith (Smith) from an order of the Unemployment Compensation Board of Review (Board), dated February 1, 1974, which affirmed a decision by the referee denying benefits to Smith.

Smith was employed as a relief man by Nabisco, Inc., Pittsburgh, Pennsylvania, for seven years until he was

discharged on January 25, 1973.[1] Smith filed an application for unemployment compensation on February 18, 1973, but the Bureau of Employment Security (Bureau) denied benefits on March 12, 1973. Smith appealed and, following a hearing, the referee, in a decision dated May 18, 1973, affirmed the Bureau's decision. The referee's decision included the following findings of fact: "1. Claimant was last employed by Nabisco Company for 7 years as a reliefman at $4.60 an hour and his last day of work was January 25, 1973. 2. On claimant's last day of work he became involved in an argument with a supervisor concerning the manner in which he was performing his job. 3. As a result of this confrontation, claimant was ordered to report to the general foreman's office for a discussion of the issues and claimant's actions. 4. Claimant reported to the office but refused to remain in the general foreman's office because he resented the manner in which the general foreman told him to have a seat. There was nothing profane or abusive in the manner in which claimant was told to have a seat. 5. Claimant was suspended and the suspension was later converted to a discharge for insubordination for refusing to follow his supervisor's orders."

The referee concluded that Smith was discharged for willful misconduct and that, therefore, he was not eligible for benefits under section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).[2]

---

1. A grievance filed by Smith through his union was ultimately taken to arbitration and Smith was reinstated as of June 1, 1973, with full seniority but without allowance for back pay.

2. Section 402(e) reads as follows: "An employe shall be ineligible for compensation for any week— (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective whether or not such work is in 'employment' as defined in this act. . . ."

Smith appealed, and the Board, in an adjudication dated February 1, 1974, adopted the referee's findings and conclusions, and affirmed the referee's decision. Smith now appeals to this Court arguing that the referee's finding No. 4, quoted above, is not supported by substantial evidence.

Our scope of review in this type of case, absent fraud or error of law, is to determine if the findings of the Board are supported by substantial evidence. Questions of credibility and the resolution of conflicts in the testimony are for the Board. *See Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A. 2d 398 (1974).

We have carefully reviewed the record in this case, and we hold that there is substantial evidence in this record to support all of the referee's findings of fact. The referee's findings were adopted by the Board, and they are binding on this Court. *See Chambers v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 317, 318 A. 2d 422 (1974). We also hold that the referee did not err when he concluded that Smith's behavior was willful misconduct which made him ineligible to receive benefits. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973). In accordance with the above, we therefore

ORDER

AND NOW, this 30th day of January, 1975, the order of the Pennsylvania Unemployment Compensation Board of Review, dated February 1, 1974, disallowing benefits to Walter Smith, is hereby affirmed.