Southwestern Pennsylvania Legal Aid Society *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Southwestern Pennsylvania Legal Aid Society, Appellant.

Argued October 25, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Timothy P. Hennessy*, for appellant.

*Sandra S. Christianson,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, November 30, 1976:

This is an appeal from a decision by the Unemployment Compensation Board of Review (Board) affirming a referee's award of unemployment benefits to claimant. We affirm.

Claimant was employed by appellant and its predecessor as a legal secretary for nearly three years before she was discharged by appellant's executive director in April 1975. Her claim for unemployment compensation was denied by the Bureau of Employment Security on the grounds that she had committed willful misconduct.[1] At a subsequent hearing before a referee, the executive director testified that he had found claimant uncooperative ever since he had assumed his position in September 1974. The executive director alleged that claimant had made derogatory remarks about him and that she had violated appellant's rules by failing to report the whereabouts of an absent staff attorney on two different occasions[2] by attempting to obtain a paycheck for that attorney upon the latter's resignation and by negligently preparing office reports. After hearing conflicting testimony on all such allegations, the referee found that no willful misconduct had occurred. Rather the causes for claimant's discharge were held to be a "personality clash" between the executive director and the claimant

[1] Pursuant to Section 802(e) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] Allegedly, the second failure occurred after the executive director had discussed the first incident with claimant and had explained the proper procedure to her.

and the former's desire to make a "clean sweep" of employees. The Board affirmed.

Appellant's first contention is that the referee's decision lacks foundation in the evidence. We disagree. It is, of course, up to the fact-finder to resolve issues of weight and credibility, and since the findings here are supported by competent evidence, they cannot be disturbed. *E.g., Smith v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 304, 331 A.2d 217 (1975).

Appellant's second contention is that it was the victim of bias and hostility by the referee and thereby deprived of due process. Appellant alleges that the referee made hostile remarks on matters unrelated to the case.[3] Appellant also alleges that the referee was unduly subjective in his assessment of the evidence, especially in one instance early in the hearing when, by the referee's own words, he was "step-[ping] out of bounds" to inform appellant's counsel that the latter had not yet shown any willful misconduct by the claimant. Examination of the record in its entirety refutes appellant's claims. Though unusual, the referee's conduct was not comparable to that found violative of due process elsewhere.[4] If prejudicial at all, the referee's remarks favored the *appellant,* by permitting it to know the referee's evaluation of its case before the close of testimony. Fur-

---

[3] These remarks reflected the referee's opinion that often appellant emphatically advocates a position directly opposite to that it espoused here concerning the existence of "willful misconduct" on similar facts.

[4] Appellant places strong reliance on *NLRB v. Washington Dehydrated Food Co.,* 118 F.2d 980 (9th Cir. 1941). There it was found that the hearing examiner:

"was guilty of threatening, badgering, and arguing with witnesses, making statements during the hearing contradictory of the true facts, cutting short cross-examination, and acting more in the role of a prosecutor than impartial examiner." 118 F.2d at 996.

ther, the referee provided appellant full opportunity to present relevant evidence.

We also noted that a fair hearing is conducted where the parties are freely allowed to testify, and that a referee, of course, may not deny the above rights to a claimant, but, where there is no evidence of such denial in the record and where the record shows that the opportunity to exercise these rights has been afforded, then a fair hearing has been conducted. *Unemployment Compensation Board of Review v. Tumolo,* 25 Pa. Commonwealth Ct. 264, 360 A.2d 763, 766 (1976).

Accordingly, we will enter the following

ORDER

Now, November 30, 1976, the order of the Unemployment Compensation Board of Review, dated January 5, 1976, affirming the award of unemployment compensation benefits to claimant, Margaret A. Byers, is hereby affirmed and the appeal dismissed.