Unemployment Compensation Board of Review
of the Commonwealth of Pennsylvania *v.* Hilton
Hotels Corp., t/a Pittsburgh Hilton Hotel,
Appellant.

Argued October 30, 1975, before Judges CRUMLISH,
JR., KRAMER and MENCER, sitting as a panel of three.
Reargued October 26, 1976, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Robert Engel*, with him *Lloyd W. Patross*, and *Berkman, Ruslander, Pohl, Lieber & Engel*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 21, 1977:

Hilton Hotels Corporation, t/a Pittsburgh Hilton Hotel (Appellant) appeals the order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's award of benefits to its former employee, Jerry Hughes (Claimant), after finding that Claimant had not engaged in wilful misconduct, under the terms of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

Claimant, a houseman at an hourly rate of $3.08, was discharged when his supervisor discovered him lying on a bench in the hotel locker room. Claimant's department employees by regulation took their morning break between 10:00 A.M. and 10:30. However, Claimant was found lying on the bench at 10:45 A.M. His justification was that he had prior approval from the supervisor's assistant to take a break at a later time if he had worked through the regularly scheduled break, and further that a back problem necessitated him to lie down periodically. Whether Claimant was asleep on the bench and whether he had prior approval to digress from the regulation is in dispute, but the referee refused to make a finding of wilful misconduct.

Appellant raises two issues for our determination:

1. Should there be a finding of wilful misconduct where the testimony has established a past history of

warnings for behavior troubles including sleeping on the job during working hours and where testimony established that Claimant was asleep during working hours?

2. Were the findings of fact supported by competent evidence?

It is clear that the crux of the employer's complaint, and the basis for which Claimant was discharged was the fact that he was found "asleep" while "not on break time." It is all too well established that questions of credibility and the resolution of conflicts in testimony are for the Board, see *Smith v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 304, 331 A.2d 217 (1975), and where, as here, the Board has adopted the referee's finding of fact, those findings become binding on this Court. *See Chambers v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 317, 318 A.2d 422 (1974). The referee obviously accepted as more credible than that offered on behalf of Appellant, Claimant's testimony that 1) he was not asleep, 2) he had a back infirmity which necessitated him lying down on occasion, and 3) that he had obtained prior approval to take this break outside the time span of 10:00 A.M. to 10:30 A.M. if, in fact, he worked during that time. As Appellant points out at length in its brief, there is a great deal of testimony controverting each of these points, but, we cannot now, with the case in its present posture, reverse a determination of credibility. In this regard, we find no error with the findings that Claimant was not asleep and that a back condition necessitated him to lie down periodically.

However, finding number four states:

On claimant's last day of work, he was unable to take his break during the prescribed

period because he was performing a job assignment.

The evidence offered by Claimant which he says would support this finding is an unverified statement purportedly signed by fellow employees acknowledging that they had seen him working during the break time, namely 10:00 A.M. and 10:30 A.M. In *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 41, 293 A.2d 129, 131 (1972), we held "that the rules of evidence prevailing in courts of law are not controlling in this statutorily regulated proceeding although hearsay, properly objected to, does not constitute competent evidence. However, it is equally axiomatic that if there is no objection and evidence is admitted, the evidence may be given its natural probative effect as if it was in law admissible." (Citation omitted.) Stated differently, uncorroborated hearsay is not, as a matter of law, substantial evidence, but taken together with any competent corroborative evidence, such evidence may constitute substantial evidence. Here, Appellant objected to the introduction of a document uttered extrajudicially which was submitted in determination of the truth of its contents. This testimony cannot support finding number four.

However, we cannot sustain the contention that the finding of fact is unsupported by competent evidence, as a review of the record discloses that Claimant's testimony alone would support the finding that he was indeed working during normal break time. The referee obviously found this testimony credible and as such we are now in no position to change that credibility determination.

Claimant was discharged because the employer believed that he was sleeping during working time.

Claimant asserts, and the referee believed, that he was taking his break during working time because he had been occupied by job assignments during the normal break time. With competent testimony to establish this preoccupation during the normal break time, the referee could have concluded that Claimant properly was within his rights in taking an abnormal break. Even with prior approval of this practice, Claimant must show by competent evidence that he had been working during the regular break time and having done so, properly shouldered his burden.

As a supplemental argument, Appellant urges us to consider that findings of fact numbers five, seven and eight were based on incompetent and irrelevant evidence which had been specifically stricken on objection and favorable ruling by the referee. We find no error with regard to findings numbers five and seven but we must look at finding number eight.

Finding number eight states:

The claimant performed his job to the best of his ability and was even offered his job back with certain stipulations. The claimant was unable to agree to these stipulations and did not return to work.

Appellant points to testimony[1] which it claims is in-

_____

[1] That testimony stated:

"Q. Have you ever been contacted by any other office of the Hilton Hotel concerning your present discharge—that offered your job back?

"A. Yes.

"Q. Under what conditions were you offered your job back?

"A. Six months probation, no back pay, and any little thing that I do, at the Hotel's discretion, I could be fired with no question, cannot take it to arbitration or anything like that.

"Q. And you rejected that?

"A. Yes, I did.

"Q. Under the advice of your union?

"A. Yes.

supportive of this finding. An examination of the record shows that this testimony was admitted, but further questioning as to collateral grievance proceedings was not permitted. As such, there does exist testimony of record supportive of finding number eight and therefore we must

ORDER

AND Now, this 21st day of January, 1977, the order of the Unemployment Compensation Board of Review is hereby affirmed and the appeal of the Hilton Hotes Corp., t/a Pittsburgh Hilton Hotel, is hereby dismissed.

President Judge BOWMAN and Judge MENCER dissent.

---

"LLOYD W. PATROSS, EMPLOYER'S ATTORNEY:

"I object to this line of questioning. I don't see what the union proceeding has to do with unemployment determination.

"Referee: I'll sustain that. That can stand, but no more questioning.

"Q. I wanted to show the company did not feel that Mr. Hughes' conduct was of such a nature that it would impair the operation of the hotel?

"A. —

"Referee: I'll sustain that objection.

"Q. I have no other questions."