Lillie Dinkins, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 19, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Kathleen R. Mulligan,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, January 22, 1981:

Lillie Dinkins (petitioner) has appealed from a decision of the Unemployment Compensation Board of Review (Board) which upheld a denial of benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (relating to willful misconduct). We affirm.

The petitioner had been employed as a secretary by Allegheny General Hospital (employer). Her duties included the scheduling of appointments for cancer patients in the employer's radiation and oncology departments. On June 22, 1979, a series of incidents occurred which led to termination of the petitioner's employment. The sole issue in this appeal is whether those incidents constituted willful misconduct on the part of the petitioner.

The Board found from substantial evidence that, on the morning of June 22, 1979, the petitioner became very upset following a change in instructions concerning the scheduling of an appointment for a cancer patient. The petitioner then left her desk for approximately 45 minutes, during which time the oncology department supervisor unsuccessfully tried to contact her. Later that afternoon, the petitioner was asked to attend a meeting with both of her department su-

pervisors to discuss these events. In the course of the meeting, the petitioner became so disruptive that the supervisors could not proceed with the discussion. As a result, the petitioner was discharged.

The petitioner first contends that it was improper for the Board to consider the events which transpired at the afternoon meeting, in finding willful misconduct, because the decision to terminate her employment was made before the meeting started. This contention is not supported by the evidence. Colleen Murphy and Patricia Williams were the department supervisors who had the authority to discharge the petitioner. Another hospital employee, Dr. Zidar, wanted to discharge the petitioner immediately, but he did not have the authority to do so. Williams scheduled the meeting between herself, the petitioner, Murphy, and Zidar to attempt to resolve this problem, but, during the course of the meeting, the petitioner continuously interrupted and refused to listen to the supervisors. *At that point,* the supervisors decided to discharge the petitioner. This testimony was not refuted and clearly established that the petitioner's conduct at the meeting was a major factor in the termination of her employment.

The petitioner next contends that, even if the Board could properly consider the events which took place at the afternoon meeting, the finding of willful misconduct was still unwarranted. We disagree.

This Court has recognized four categories of activity which constitute willful misconduct:

(1) the wanton or willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of *standards of behavior* which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard

for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973) (emphasis added).

Where an employee and his supervisor meet to discuss the former's job performance, the employer may rightfully expect that the employee will act in a reasonable manner to attempt to resolve any concerns or disputes which may arise. The employer may also rightfully expect that the employee will not become abusive or obstructive. In *Jones v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 301, 373 A.2d 791 (1977), we upheld the denial of benefits where the employee refused to meet with the employer after a "cooling off" period to discuss a previous dispute which occurred in the presence of other employees. In *Smith v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 304, 331 A.2d 217 (1975), we upheld a denial of benefits where the employee came to a meeting with his supervisors to discuss a previous job-related dispute but refused to remain at the meeting "because he resented the manner in which the general foreman told him to have a seat." *Id.* at 306, 331 A.2d at 218.

In the present case, there is no question that the events of the morning of June 22, 1979 were sufficient to require a meeting between the petitioner, her supervisors, and the other employees involved to resolve their difficulties. The petitioner had adequate time in which to cool off prior to the meeting, and the employer was entitled to expect that the petitioner would make every effort to cooperate in settling the dispute. Nevertheless, the Board found that the petitioner not only failed to cooperate but also actively obstructed the meeting. This action constituted clear disregard

of the standards of behavior which her employer could rightfully expect.

Therefore, we enter the following.

ORDER

AND Now, this 22nd day of January, 1981, the decision of the Unemployment Compensation Board of Review, dated October 31, 1979, denying benefits to Lillie Dinkins is hereby affirmed.