**Kimberly M. DEAL, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 1, 2005.

Decided June 22, 2005.

Joan M. Tutak, Butler, for petitioner.

Paul R. Jordan, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Kimberly M. Deal (Claimant) petitions for review of the December 14, 2004, order

of the Unemployment Compensation Board of Review (UCBR), which reversed the decision of the referee and denied benefits to Claimant. We dismiss Claimant's petition.

Claimant was employed by Metalized Ceramics for Electronics, Inc. (Employer) as a presser and hand coater from January 2001 until August 12, 2004, when she was discharged for willful misconduct. On August 11, 2004, after seeing a warning label, Claimant became concerned that she had been working with a hazardous material and, at times, had breathed in its dust. Claimant was further upset because Employer had not provided her with a respirator or facemask to prevent her from harm, particularly after she reviewed the safety sheets on the material, which warned that it was hazardous for inhalation. (UCBR's Findings of Fact, Nos. 1, 2, 13 & 14.)

During a meeting the next day, Claimant expressed her concerns to Employer. Following a heated exchange between Claimant and Employer, Employer sent Claimant home to await a decision about the future of Claimant's employment. Employer terminated Claimant in a letter received by Claimant on August 18, 2004. (UCBR's Findings of Fact, Nos. 15–21.)

Following her termination, the Job Center granted Claimant's application for unemployment compensation benefits. Employer appealed, and, following hearings, a referee affirmed the decision of the Job Center. Employer then appealed to the UCBR, which reversed the determination of the referee and denied benefits to Claimant. Claimant now petitions this court for review.[1]

In Claimant's petition for review to this court, Claimant stated her objections to the UCBR's decision as follows:

a. The [UCBR] was guilty of an error of law in deciding to reverse the decision of the Referee and deny benefits to [Claimant].

b. There is a lack of substantial evidence to support the decision of the [UCBR] that reverses the decision of the [r]eferee and denies benefits to [Claimant].

(Petition for Review.) In her brief, Claimant argues that: (1) the decision of the UCBR was contrary to the law when it determined that Claimant's conduct rose to the level of willful misconduct; and (2) substantial evidence of record supports the contrary decision of the referee.

Rule 1513(d) of the Pennsylvania Rules of Appellate Procedure requires that an appellate jurisdiction petition for review contain, *inter alia,* "a general statement of the objections to the order or other determination." Pa. R.A.P. 1513(d). The statement of objections is a notice pleading, *Lycoming County Nursing Home Association, Inc. v. Department of Labor and Industry, Prevailing Wage Appeal Board,* 156 Pa.Cmwlth. 280, 627 A.2d 238 (1993); G. Ronald Darlington et al., 1 *Pennsylvania Appellate Practice* § 1513.5, p. 15–66 (2d ed. 2004), but must do more than simply restate our scope of review as Claimant's petition does here. The Appellate Rules further state that "[t]he statement of objections will be deemed to include every subsidiary question fairly comprised therein." Pa. R.A.P. 1513(d). However, while "deemed to include every subsidiary question fairly comprised therein," a petition for review under Pa. R.A.P. 1513(d)

---

1. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

must state its objections with "sufficient specificity to permit the conversion of an appellate document to an original jurisdiction pleading and vice versa should such action be necessary to assure proper judicial disposition." Pa. R.A.P. 1513, Note. This court has declined to consider issues addressed in a claimant's brief but not in his or her petition for review. *Tyler v. Unemployment Compensation Board of Review,* 139 Pa.Cmwlth. 598, 591 A.2d 1164 (1991); *Pierce v. Pennsylvania Board of Probation and Parole,* 46 Pa.Cmwlth. 507, 406 A.2d 1186 (1979).

 Although a statement of objections will be deemed to include every subsidiary question fairly comprised therein, our examination of Claimant's petition for review reveals no statement which fairly embraces the issue of willful misconduct and no statement identifying specific findings of fact that allegedly are unsupported by substantial evidence. Accordingly, we will not consider these issues on appeal.[2] *Tyler; Associated Town "N" Country Builders, Inc. v. Workmen's Compensation Appeal Board (Marabito),* 95 Pa.Cmwlth.461, 505 A.2d 1358 (1986) *aff'd,* 515 Pa. 564, 531 A.2d 425 (1987).

2. In her brief, Claimant argues that there was substantial evidence of record to support the *referee's* decision. However, the UCBR, not the referee, is the ultimate fact finding body and arbiter of credibility in unemployment compensation cases. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

3. Even if we were to address whether the UCBR erred in concluding that Claimant's behavior toward Employer rose to the level of willful misconduct, we would conclude that the UCBR did not err. Willful misconduct has been defined to include a disregard of the standards of behavior that an employer has the right to expect of an employee. *Dinkins v. Unemployment Compensation Board of Review,* 56 Pa.Cmwlth. 266, 424 A.2d 606 (1981). Moreover, an employer has the right

Because there are no issues for our review, we dismiss Claimant's petition for review.[3]

### ORDER

AND NOW, this 22nd day of June, 2005, the petition for review filed by Kimberly M. Deal is hereby dismissed.

to expect that an employee will be reasonable and will not become abusive or obstructive during a meeting. *Id.* Here, the UCBR found that: (1) Claimant had a history of disruptive behavior; (2) Claimant's behavior at the August 12, 2004, meeting with Employer was unreasonable and combative; (3) Claimant rushed to judgment about the possible danger to her health from a hazardous substance, without good cause; (4) Claimant would not allow Employer to explain that there was no danger to her health; and (5) Claimant would not listen to Employer's attempt to find a solution that would alleviate Claimant's fears. (UCBR's Findings of Fact, Nos. 15–19; UCBR's op. at 3–4.) Under *Dinkins,* Claimant's behavior rose to the level of willful misconduct.