IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lionel B. Dolphin,                :
           Petitioner        :
                                      :
      v.                         :
                                      :
Unemployment Compensation  :
Board of Review,           :   No. 817 C.D. 2019
           Respondent    :   Submitted: November 15, 2019

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: February 4, 2020

          Lionel B. Dolphin (Claimant), *pro se*, petitions for review of the June 10, 2019 order of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee to deny Claimant unemployment compensation benefits (benefits) under Section 402(e) of the Unemployment Compensation Law (Law),[1] which provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to discharge or temporary suspension from work for willful misconduct connected with his work. Upon review, we affirm.

          Claimant was employed as a salesperson by EJB Motors, Inc., doing business as Brenner Pre-Owned (Employer), from January 2, 2017 to March 3, 2019.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

Referee's Decision & Order at 1, Finding of Fact (F.F.) 1, Certified Record (C.R.) at 126.[2] Employer had a policy prohibiting removal of company property without permission, violation of which warranted severe disciplinary action, including discharge. F.F. 2-3. Claimant was aware of Employer's policy. F.F. 4. Employer discharged Claimant for theft after Claimant used Employer's windshield washer fluid to fill the reservoir in his personal vehicle. F.F. 5-6. The Unemployment Compensation (UC) Service Center deemed Claimant eligible for benefits, finding that Employer failed to show that Claimant committed willful misconduct under Section 402(e) of the Law, 43 P.S. § 802(e). UC Service Center Determination at 1, C.R. at 24. Employer appealed to a referee, who held a hearing at which Claimant and two witnesses for Employer testified. *See* Transcript of Testimony (T.T.), C.R. at 51. The referee reversed, determining that "the credible testimony of [E]mployer establishes that it has a policy which prohibits the taking of company property without permission." Referee's Decision & Order at 2, C.R. at 127. The referee found that Claimant was aware of this policy and that Claimant acknowledged he used Employer's windshield washer fluid for his own car. *Id.* Thus, the referee concluded that Employer terminated Claimant for willful misconduct connected with his work under Section 402(e) of the Law, 43 P.S. § 802(e). *Id.*

Claimant appealed to the Board, which affirmed, adopting and incorporating the referee's findings and conclusions. Board's Decision & Order at 1, C.R. at 137. The Board further noted that Claimant's assertion that he did not steal from Employer "cannot be accepted because [] [C]laimant acknowledged at the

---

[2] Our citations to the Certified Record reference the page numbers of the PDF document, as the record is not paginated.

hearing that he may not have replaced the fluid if the individual who gave it to him had not asked him to." *Id.* Claimant then petitioned this Court for review.

Before this Court,[3] Claimant argues that "[m]any employees have used [w]indshield wiper fluid," and that Employer terminated him "out of spite." Claimant's Brief at 11. Claimant contends that Employer "was prejudice[d] and did not like [him]." *Id.* Claimant asserts that Employer "show[ed] respect toward" and had "a totally different attitude toward the Caucasian sales[men]," and that Employer's general manager stated before quitting that there were too many blacks working in the store. *Id.* at 9 & 11. Claimant maintains that the general manager "displayed on a daily basis his dislike for [Claimant] and did everything that he could to make [Claimant] uncomfortable." *Id.* at 12. Claimant points out that the technician who supplied him with the windshield washer fluid was not accused of theft. *Id.* at 11. Further, Claimant maintains that Employer's "true standard" was to discipline employees through verbal warnings or suspensions from work. *See id.* at 10. Claimant also contends that he had "a necessitous and compelling reason for asking to use the [w]indshield [w]iper fluid," as "it was in the dead of winter on a []day that there was snow and salt on the roads," and "it was a safety concern." *Id.* at 10.

Section 402(e) of the Law provides that "[a]n employe shall be ineligible for compensation for any week . . . []in which his unemployment is due to discharge or temporary suspension from work for willful misconduct connected with his work[.]" 43 P.S. § 802(e). Whether an employee's actions constitute willful

---

[3] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

misconduct is a question of law subject to review by this Court. *Reading Area Water Auth. v. Unemployment Comp. Bd. of Review*, 137 A.3d 658, 661 (Pa. Cmwlth. 2016). For purposes of determining a discharged employee's eligibility for unemployment compensation, the employer bears the burden of proving that the employee engaged in willful misconduct connected with his work. *See* Section 402(e) of the Law, 43 P.S. § 802(e); *Adams v. Unemployment Comp. Bd. of Review*, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012). This Court has defined willful misconduct as:

> (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations.

*Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Review*, 173 A.3d 1224, 1228 (Pa. Cmwlth. 2017) (quoting *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 (Pa. Cmwlth. 2014)). Once the employer establishes a prima facie case of willful misconduct, the burden shifts to the claimant to prove good cause for his actions. *Downey v. Unemployment Comp. Bd. of Review*, 913 A.2d 351, 353 (Pa. Cmwlth. 2006).

"When an employee is discharged for violating a work rule, the employer must prove the existence of the work rule, the reasonableness of the rule, the claimant's awareness of the rule, and the fact of its violation." *Adams*, 56 A.3d at 79. An inadvertent or negligent violation of an employer's rule may not constitute willful misconduct. *Chester Cmty. Charter Sch. v. Unemployment Comp. Bd. of*

4

*Review*, 138 A.3d 50, 55 (Pa. Cmwlth. 2016). "Thus, a determination of what amounts to willful misconduct requires a consideration of all of the circumstances, including the reasons for the employee's noncompliance with the employer's directives." *Eshbach v. Unemployment Comp. Bd. of Review*, 855 A.2d 943, 947-48 (Pa. Cmwlth. 2004) (internal quotation marks and citation omitted). Where the employee's action is justifiable or reasonable under the circumstances, it cannot be considered willful misconduct. *Id.* at 948.

Here, Claimant's argument that Employer's "true standard" was to discipline employees through verbal warnings or suspensions from work may be construed as both a challenge to Finding of Fact number three, which states that violation of Employer's policy prohibiting theft could result in discharge, and a disparate treatment argument (which will be addressed later). To the extent Claimant is challenging the fact that Employer's discipline policy includes termination, we note Employer presented evidence that its handbook states, "dishonesty or removal of another employee's or customer's property or the Company's property without permission" will "result in severe disciplinary action, including discharge." Employer's Handbook at 17, C.R. at 84; *see also* F.F. 2-3. Employer's general manager testified that theft warrants termination "in all cases." *See* T.T. at 7, C.R. at 59. The Board credited Employer's testimony regarding its policy. *See* F.F. 2-3 & Referee's Decision at 2. "The [Board] . . . is the ultimate fact finding body and arbiter of credibility in [UC] cases." *Deal v. Unemployment Comp. Bd. of Review*, 878 A.2d 131, 133 n.2 (Pa. Cmwlth. 2005). Further, "it is not the Board's province to usurp the management prerogative of the employer, which must decide on a case-by-case basis what discipline to impose when a work rule infraction occurs." *Allen v. Unemployment Comp. Bd. of Review*, 189 A.3d 1128, 1136 (Pa.

5

Cmwlth. 2018). Thus, substantial evidence supports the Board's finding that an employee could be discharged for violating Employer's policy.

Claimant further contends that he did not actually steal the windshield wiper fluid because one of Employer's technicians granted him permission to use the windshield wiper fluid. *See* Claimant's Brief at 6 & 11. However, in adopting the referee's conclusions, the Board rejected Claimant's assertion that he in fact received this permission. Referee's Decision & Order at 2, C.R. at 127; Board's Decision & Order at 1, C.R. at 137. Again, as the Board is the "arbiter of credibility in [UC] cases[,]" *Deal*, 878 A.2d at 133 n.2, Claimant's argument lacks merit.

Given that Employer established the existence of its work policy prohibiting removal of company property without permission, that Claimant was aware of the policy, and that Claimant violated Employer's policy, thereby committing willful misconduct,[4] the burden shifted to Claimant to demonstrate good cause for his misconduct. *See Downey*, 913 A.2d at 353. Claimant in essence argues he had good cause to use the windshield washer fluid due to safety concerns necessitated by weather conditions. *See* Claimant's Brief at 10. However, "where the employer sustains its burden of proof with substantial evidence that the employee engaged in theft, directly or indirectly, of the employer's property, such conduct constitutes willful misconduct as a matter of law and is not subject to the rationale of good cause." *Temple Univ. of Commonwealth Sys. of Higher Educ.*, 772 A.2d 416, 418 (Pa. 2001) (quoting *Dep't of Navy, Naval Air Warfare Ctr., Aircraft Div. Warminster v. Unemployment Comp. Bd. of Review*, 632 A.2d 622, 630 (Pa. Cmwlth. 1993)). Claimant further asserts that he has "worked in the [i]ndustry over 30 years

---

[4] *See* F.F. 2-5; Referee's Decision & Order at 2, C.R. at 127; Board's Decision & Order at 1, C.R. at 137.

[and has] never been accused of stealing." Claimant's Brief at 11. However, "even a single instance of theft from an employer can constitute willful misconduct." *Walker v. Unemployment Comp. Bd. of Review*, 202 A.3d 896, 901–02 (Pa. Cmwlth. 2019). Thus, we find no error in the Board's determination that Employer discharged Claimant for willful misconduct connected with his work.

Finally, to the extent Claimant's arguments that he was terminated out of spite and because of a personal animus towards him, which appeared to be racial in nature, may be construed as the affirmative defense of disparate treatment,[5] Claimant cannot prevail. Initially, we note the Board implicitly rejected Claimant's testimony regarding personal animus as the reason for Claimant's termination, instead crediting Claimant's theft as the reason. *See* Referee's Decision at 2, C.R. at 127; Board's Decision at 1, C.R. at 137. Further, as the Board points out, Claimant failed to testify about whether coworkers were similarly situated or about differing racial identities and, therefore, failed to develop any record evidence regarding this issue. Additionally, Claimant failed to raise any argument that could be construed as disparate treatment in his appeal to the Board. *See generally* Claimant's Petition for Appeal from Referee's Decision & Order, C.R. at 132-35. Accordingly, we are precluded from performing appellate review of this issue. *See* Pa.R.A.P. 1551(a) (stating review of quasijudicial orders "shall be conducted by the court on the record made before the government unit" and that "[n]o question shall be heard or considered by the court which was not raised before the government unit").

---

[5] In *Geisinger Health Plan v. Unemployment Compensation Board of Review*, 964 A.2d 970, 976 (Pa. Cmwlth. 2009), this Court noted "[d]isparate treatment is an affirmative defense by which a claimant who has engaged in willful misconduct may still receive benefits if he can make an initial showing that: (1) the employer discharged claimant, but did not discharge other employees who engaged in similar conduct; (2) the claimant was similarly situated to the other employees who were not discharged; and (3) the employer discharged the claimant based upon an improper criterion."

For the foregoing reasons, we find no error in the Board's determination that Claimant was ineligible for benefits under Section 402(e) of the Law, 43 P.S. 802(e). Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lionel B. Dolphin,                     :
              Petitioner         :
                              :
         v.                    :
                              :
Unemployment Compensation    :
Board of Review,              :    No. 817 C.D. 2019
              Respondent    :

## O R D E R

AND NOW, this 4th day of February, 2020, the June 10, 2019 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge