IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emma C. Lynch,                          :
             Petitioner              :
                           :
             v.                    :
                           :
Unemployment Compensation               :
Board of Review,                        :  No. 992 C.D. 2019
             Respondent              :  Submitted: March 13, 2020

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: May 4, 2020

      Emma C. Lynch (Claimant) petitions for review of the July 18, 2019 order of the Unemployment Compensation Board of Review (Board) reversing the decision of the referee, which found that Claimant was not ineligible for unemployment compensation benefits (benefits) under Section 402(b) of the Unemployment Compensation Law (Law),[1] not subject to a fault overpayment under Section 804(a) of the Law,[2] and not subject to penalties under Section 801(b) or (c) of the Law.[3] Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) provides that an employee shall be ineligible for compensation for any week in which his/her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

[2] 43 P.S. §874(a). Section 804(a) provides for the imposition of a fault overpayment against any individual who received monies under the Law to which he/she was not entitled and directs that such individual shall be liable for repayment of the same.

[3] 43 P.S. §871(b), (c). Section 801(b) of the Law provides for the imposition of penalty weeks against an individual who makes a false statement or knowingly fails to disclose a material

Claimant was employed as a crew member for McDonald's (Employer) from September 2013 until August 16, 2018. Board's Decision & Order at 1, Finding of Fact (F.F.) 1, Certified Record (C.R.) at 107.[4] Employer's owner intended to close the store for remodeling and held a meeting with staff and an area supervisor two weeks prior to August 16, 2018, the intended closing date, to advise them of the closing. F.F. 2-3. During the meeting, Employer's owner made clear to employees that if they were planning on returning when the store re-opened, there were positions available at other locations where the employees could work during the remodel. F.F. 4. Claimant informed Employer's owner that she did not intend to return after the remodel, asked if she had to put her two weeks' notice in writing, and signed a document indicating that she did not intend to return following the remodel. F.F. 5-6. In light of Claimant's actions, Employer did not specifically offer Claimant a position at another store and Claimant effectively quit her employment as of August 16, 2018. F.F. 7-8. Between September 8, 2018 and December 15, 2018, Claimant received $2,100 in benefits.[5] F.F. 9.

On December 24, 2018, the Department of Labor and Industry (Department) issued three determinations to Claimant. The first denied Claimant benefits under Section 402(b) of the Law. C.R. at 33. The second assessed a fault overpayment against Claimant in the amount of $2,100 as a result of falsely alleging

---

fact in order to obtain benefits under the Law. Section 801(c) provides for the imposition of a 15% penalty of the amount of compensation received by an individual as a result of such false statement or failure to disclose a material fact.

[4] The certified record does not include page numbers. The citation to the page number above refers to the page of the certified record in PDF format as submitted to this Court.

[5] Claimant stated that her separation from Employer was due to lack of work when applying for benefits. Department of Labor and Industry Unemployment Compensation Overpayment Classification Worksheet, C.R. at 31.

2

that she sought benefits for lack of work when she voluntarily quit her employment. *Id*. at 36. The third imposed a penalty against Claimant in the amount of $315 (15% of $2,100) as well as 20 penalty weeks against future benefits. *Id*. at 38. Claimant appealed to a referee, who scheduled and held a telephone hearing on May 5, 2019, at which Claimant and Lokeri Wood (Wood), an area supervisor for Employer, testified. *Id*. at 53 & 67-80.

The referee reversed the Department's determinations, concluding that Claimant was not ineligible for benefits under Section 402(b) of the Law and, as such, was not subject to a fault overpayment or penalties. Referee's Decision & Order at 3, C.R. at 84. Employer appealed to the Board, which reversed the decision and order of the referee, denied benefits to Claimant under Section 402(b), and reinstated the Department's imposition of a fault overpayment and penalties. Board's Decision & Order at 4, C.R. at 110. Claimant then petitioned this Court for review.

Before this Court,[6] Claimant argues that the Board's finding that she voluntarily quit her employment was not supported by substantial evidence and, hence, she was not subject to a fault overpayment and penalties. We disagree.

At the hearing before the referee, Claimant testified that she was attending college throughout most of her employment with Employer studying computer science and that she graduated in May 2018. *See* Hearing, 5/3/19, Transcript of Testimony (T.T.) at 5-6, C.R. at 72-73. Claimant stated that she intended to continue working for Employer until she could find a job in her field of study and would have continued working but for Employer's remodeling of the

---

[6] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

3

store.  T.T. at 6, C.R. at 73.  Claimant indicated that Employer's owner was aware of her plans and recounted a conversation during which Employer's owner allegedly advised her that if another position was not available during the store remodel, she would be laid off and able to collect unemployment.  T.T. at 6-7, C.R. at 73-74.  Claimant specifically denied ever quitting her job as of August 16, 2018, the date of the store closing for the remodel, and instead testified that she was laid off.  T.T. at 7, C.R. at 74.

Claimant relies heavily on this testimony to support her argument that the Board's decision was not supported by substantial evidence.  *See generally* Claimant's Brief at 10-14.  Such reliance is misplaced, however, as the Board specifically rejected Claimant's testimony as not credible.  Board's Decision & Order at 2, C.R. at 108.  Instead, the Board credited Claimant's response in Claimant's Questionnaire wherein she acknowledged, in reference to the intent to return forms Employer distributed at its staff meeting two weeks earlier, "I did sign it and indicated that I was not intending to return."  C.R. at 22.  Additionally, the Board credited the testimony of Wood, an area supervisor for Employer, that Claimant advised Employer's owner at the meeting that "she was not intending to return [after the remodel], so [August 16, 2018] would be her last day of employment."  T.T. at 10, C.R. at 77.  Wood also stated that at the meeting,

> it was also made abundantly clear [by Employer's owner] that if any of the employees who were adults, were planning to return to the restaurant, that they would be given positions in other restaurants, and there were positions available in everyone [sic] of our other restaurants through the entire time that this particular location was closed.

*Id.*  On cross-examination by Claimant's counsel, Wood indicated that Claimant was not offered a position at another store because she had informed Wood and

4

Employer's owner that August 16 "was going to be her last day and she didn't want to work in another store." T.T. at 11, C.R. at 78.

"The [Board] . . . is the ultimate fact finding body and arbiter of credibility in unemployment compensation cases." *Deal v. Unemployment Comp. Bd. of Review*, 878 A.2d 131, 133 n.2 (Pa. Cmwlth. 2005). The Board's findings are binding and conclusive on appeal if the record, when examined as a whole, contains substantial evidence to support them. *Mathis v. Unemployment Comp. Bd. of Review*, 64 A.3d 293, 299 (Pa. Cmwlth. 2013). Further, "it is irrelevant whether the record includes evidence that would support findings other than those made by the Board; the proper inquiry is whether the evidence supports the findings actually made." *Kelly v. Unemployment Comp. Bd. of Review*, 172 A.3d 718, 725 (Pa. Cmwlth. 2017), *appeal denied*, 184 A.3d 547 (Pa. 2018) (citation omitted).

In the present case, the testimony credited by the Board above constitutes substantial evidence in support of the Board's finding that Claimant voluntarily quit her employment with Employer. Because Claimant chose to focus her argument on her allegation that she was laid off and did not voluntarily quit, she did not attempt to set forth any necessitous and compelling reasons for leaving her employment. As a result, the Board did not err in concluding that Claimant was ineligible for benefits under Section 402(b) of the Law.

Accordingly, the Board's order is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

5

Emma C. Lynch, : 
            Petitioner : 
             : 
       v. : 
             : 
Unemployment Compensation : 
Board of Review, :    No. 992 C.D. 2019
            Respondent : 

## O R D E R

AND NOW, this 4th day of May, 2020, the July 18, 2019 order of the Unemployment Compensation Board of Review is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge