**Andre' S. PEARSON, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 2, 2008.

Decided June 11, 2008.

Publication Ordered Aug. 18, 2008.

Andre S. Pearson, petitioner, pro se.

Jonathan D. Koltash, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

Andre' S. Pearson (Claimant), representing himself, petitions for review of an order of the Unemployment Compensation Board of Review (Board) that denied him unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law), relating to willful misconduct.[1] Claimant argues the Board's findings are not supported by the record, and 40th Street Fresh Grocer (Employer) did not meet its burden of proving Claimant committed willful misconduct. The Board contends Claimant failed to properly preserve any issues for review and, in any event, it properly denied benefits. We affirm.

The Board made the following factual findings. Claimant worked for Employer as a receiver. On June 13, 2007, the Assistant Store Manager (Manager) asked Claimant to remove several boxes left in an aisle. Manager then stepped outside to speak with other personnel. Claimant, presuming Manager was talking about him, confronted Manager. Manager asked Claimant to look at him while he spoke with Claimant. Claimant refused.

Manager then told Claimant to punch out of work for the day and go home. Claimant refused to leave and said, "Why don't you make me leave?" Bd. Op. 10/19/07, at 1. When another manager attempted to escort Claimant off the premises, the two engaged in a physical altercation. Employer called the police, but Claimant left before they arrived. Employer subsequently discharged Claimant

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), which provides in part: "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work...."

for insubordination and discourtesy toward other employees.

Claimant filed for unemployment compensation benefits, which the local service center denied. Claimant appealed, and an unemployment compensation referee upheld the denial of benefits on the ground Employer terminated Claimant for cause. Accordingly, the referee denied Claimant benefits under Section 402(e) of the Law. Making its own findings of fact, the Board affirmed. Claimant presently appeals.[2]

█ As a threshold issue, the Board argues Claimant failed to preserve any issues for review. First, the Board contends Claimant failed to specifically challenge any of the Board's findings in his petition for review or in his statement of questions involved. In addition, the Board contends Claimant waived any challenge to the evidentiary support for the Board's findings by not addressing the issue in his appellate brief.

█ This Court may decline to consider issues a claimant fails to raise with sufficient specificity in his petition for review. *See* Pa. R.A.P. 1513; *Deal v. Unemployment Comp. Bd. of Review*, 878 A.2d 131 (Pa.Cmwlth.2005). Furthermore, this Court may decline to consider issues a claimant raises in the argument section of his appellate brief but fails to include in his statement of questions involved. *See* Pa. R.A.P. 2119(a); *Leone v. Unemployment Comp. Bd. of Review*, 885 A.2d 76 (Pa. Cmwlth.2005).

We decline to apply waiver in this instance. In Claimant's petition for review,

we discern two issues preserved for argument. First, Claimant contends the Board failed to "review all the facts." Pet. for Review at 1. We interpret Claimant's assertion as a challenge to the evidentiary support for the Board's findings regarding the circumstances of Claimant's discharge. Second, we interpret Claimant's assertion that "this case is not strong enough" to withhold unemployment compensation benefits as challenging whether Employer met its burden to prove it discharged Claimant for cause.[3] *Id.; see also* Pa. R.A.P. 1513(d) ("The statement of objections will be deemed to include every subsidiary question fairly comprised therein."). Because Claimant sufficiently addresses these arguments in his handwritten appellate brief, we will consider them on their merits.

█ Preliminarily, we note, willful misconduct includes behavior evidencing a willful disregard of an employer's interest, a deliberate violation of an employer's work rules, and/or a disregard of the standards of behavior an employer can rightfully expect from its employees. *Dep't of Corr. v. Unemployment Comp. Bd. of Review*, 943 A.2d 1011 (Pa.Cmwlth.2008). The employer bears the initial burden of proving a claimant engaged in willful misconduct. *Id.* Once the employer meets its burden, a claimant may then prove he had good cause for his actions. *Id.* Whether a claimant's actions rise to the level of willful misconduct is a question of law fully reviewable on appeal. *Id.*

█ Of particular import here, disregarding an employer's clear and simple

2. Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights were violated, or errors of law were made. *Johnson v. Unemployment Comp. Bd. of Review*, 869 A.2d 1095 (Pa.Cmwlth.2005).

3. Claimant also contends Employer "never fired" him or notified him of the discharge.

Pet. for Review, at 1; Claimant's Br., at 10. We reject Claimant's argument as contrary to his separation filings, in which Claimant stated Employer discharged him due to "an altercation with one of the managers." Certified Record (C.R.), at Item 1.

instructions without good cause constitutes willful misconduct. *See Pettyjohn v. Unemployment Comp. Bd. of Review,* 863 A.2d 162 (Pa.Cmwlth.2004) (using computer for personal purposes despite directives not to do so constitutes willful misconduct); *Hartman v. Unemployment Comp. Bd. of Review,* 71 Pa.Cmwlth. 628, 455 A.2d 756 (1983) (improperly dry-buffing a floor despite contrary instructions constitutes willful misconduct). An employee's refusal to follow orders constitutes willful misconduct unless the orders are unreasonable or the employee demonstrates good cause for his actions. *Id.* Furthermore, a single refusal to follow instructions can constitute willful misconduct even when the claimant had a good work record. *Affalter v. Unemployment Comp. Bd. of Review,* 40 Pa.Cmwlth. 482, 397 A.2d 863 (1979).

 In addition, fighting or engaging in a physical altercation with a fellow employee or superior, without good cause, constitutes a disregard of the standards behavior an employer can rightfully expect from its employees. *See Remcon Plastics, Inc. v. Unemployment Comp. Bd. of Review,* 651 A.2d 671 (Pa.Cmwlth.1994); *Kilpatrick v. Unemployment Comp. Bd. of Review,* 59 Pa.Cmwlth. 201, 429 A.2d 133 (1981).

The Board is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and evidentiary weight. *Hessou v. Unemployment Comp. Bd. of Review,* 942 A.2d 194 (Pa. Cmwlth.2008). The Board's findings are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. *Id.* Substantial evidence is such relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Walsh v. Unemployment Comp. Bd. of Review,* 943 A.2d 363 (Pa.Cmwlth.2008).

Our review of the record here discloses ample support for the Board's findings, discussed above. In particular, Manager credibly testified Claimant presumed Manager was talking about him and decided to confront Manager. Notes of Testimony, 8/23/07, at 3. Manager testified Claimant disregarded Manager's instructions to look at him when they spoke. *Id.* Manager further testified he subsequently told Claimant to leave the building "at least four or five times." *Id.* Finally, Manager testified Claimant "started a fight" when another manager attempted to escort Claimant off the premises, prompting Employer to call the police. *Id.*

 For his part, Claimant's own testimony does not contradict the Board's findings. *Id.* at 4. More specifically, Claimant does not dispute he disregarded Manager's instructions, failed to immediately leave the premises, and engaged in a physical altercation with the other manager. *Id.*

 Based on the Board's findings, Employer met its burden of proving Claimant committed willful misconduct. More particularly, Claimant's refusal to follow Manager's clear and simple instruction to leave the premises constitutes willful misconduct. *Hartman.* In addition, Claimant engaged in a physical altercation with the other manager, which also constitutes willful misconduct. *Remcon.* Claimant offered no evidence to support a finding of good cause for his actions. Accordingly, we affirm the Board's order finding Claimant ineligible for benefits under 43 P.S. § 802(e).

### ORDER

AND NOW, this 11th day of June, 2008, the order of the Unemployment Compensation Board of Review is **AFFIRMED.**