**Jan J. PATLA, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 31, 2008.

Decided Dec. 18, 2008.

Clinton Barkdoll, Waynesboro, for petitioner.

Stephanie M. Wimer, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and BUTLER, Judge.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

OPINION BY Judge BUTLER.

Jan J. Patla (Claimant) petitions this Court for review of the April 11, 2008 decision and order of the Unemployment Compensation Board of Review (UCBR) affirming the Referee's decision to deny benefits under Section 402(e) of the Unemployment Compensation Law.[1] Claimant argues that the UCBR's findings were not supported by the record, and that there is no legal basis for its denial of Claimant's benefits. For the following reasons, we dismiss Claimant's appeal.

Claimant was employed as a full-time supervisor between July 23, 2007 and November 20, 2007 by the Childrens Aid Society (Employer), a private, non-profit residential home (Facility) for youth, ages 10 to 18, who have been adjudicated dependant and/or delinquent. The Facility has two classrooms, in which teachers from the local school district teach the youth. The primary responsibility of the Facility's staff is to supervise the youth, many of whom come from abusive backgrounds. Employer has verbally communicated to its staff its protocol that a member of Employer's staff must be in the classroom while classes are being conducted, unless no staff members are available due to other required job duties. Claimant was responsible for assigning staff members to classrooms whenever possible.

On November 20, 2007, at approximately 10:15 a.m., a residential operations director observed that at least one of the classrooms did not have a staff member present, at a time when Claimant and one staff member were talking in the office, and another staff member was reading a magazine. The residential operations di-

rector instructed Claimant to assign staff members to the classrooms. The residential operations director left the Facility and returned approximately four hours later to find that there were no staff members in either of the classrooms while classes were being conducted. She observed Claimant and three other staff members conversing and reading magazines in the office at that time. The Employer's residential operations director and the deputy administrator met that day with Claimant, who offered no explanation for why staff members were not assigned to classrooms while classes were conducted. Employer terminated Claimant on November 20, 2007, for failing to assign staff members to supervise classrooms in accordance with its protocol.

Claimant applied for unemployment compensation benefits on November 22, 2007. The Notice of Determination issued by the Pennsylvania Department of Labor and Industry, Bureau of Unemployment Compensation Benefits and Allowances (Bureau) declared that, since Claimant did not admit to the incident that caused his termination, and Employer did not submit sufficient information to sustain its burden of proof, Claimant was eligible for benefits. The Employer appealed the Bureau's decision, and a hearing was held before a Referee on February 5, 2008. The Referee determined that the Employer's staffing protocol was reasonable, and that Claimant was unable to show good cause for his violation of that protocol. The Referee concluded that Claimant's discharge resulted from his willful miscon-

duct as related to his work and, therefore, reversed the determination of the Bureau. Claimant appealed the Referee's decision to the UCBR. The UCBR, making its own findings of fact, affirmed the Referee's decision. Claimant appealed the UCBR's decision to this Court, stating that the determinations in its April 11, 2008 order were "not supported by the record," and "that there is no legal basis for the UC[BR]'s denial of [his] benefits."[2] Appellant's Amended Notice of Appeal/Petition for Review at 1.

On May 20, 2008, the UCBR filed an Application for Relief in the Form of a Motion to Strike Claimant's Petition for Review and Dismiss His Appeal, arguing that Claimant's Petition for Review fails to state its objections with specificity, as required by Pa. R.A.P. 1513.[3] Specifically, the UCBR argues that Claimant's Petition for Review contains no statement which fairly embraces the willful misconduct issue, and that it fails to identify specific findings of fact that are allegedly unsupported by substantial evidence. We agree.

■ "This Court may decline to consider issues a claimant fails to raise with sufficient specificity in his petition for review." *Pearson v. Unemployment Comp. Bd. of Review,* 954 A.2d 1260, 1263 (Pa. Cmwlth.2008). To determine if a petition for review states a claimant's objections with sufficient specificity, we must look to Pa. R.A.P. (Rule) 1513(d). Rule 1513(d)(5) requires that a petition for review contain "a general statement of the objections to the order or other determination." The

2. The Court's review is limited to determining whether Claimant's constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by competent evidence. 2 Pa.C.S. § 704; *Sheets v. Unemployment Comp. Bd. of Review,* 708 A.2d 884 (Pa. Cmwlth.1998).

3. By Order dated June 10, 2008, Senior Judge Quigley of this Court ruled that the UCBR's Application for Relief in the Form of a Motion to Strike Claimant's Petition for Review and Dismiss His Appeal shall be briefed with the merits of Claimant's Petition for Review.

general statement "will be deemed to include every subsidiary question fairly comprised therein." Rule 1513(d)(6). However, more than a restatement of this Court's scope of review is required. *Deal v. Unemployment Comp. Bd. of Review*, 878 A.2d 131 (Pa.Cmwlth.2005). In *Deal*, this Court dismissed the claimant's petition for review because it stated merely:

> a. The [UCBR] was guilty of an error of law in deciding to reverse the decision of the Referee and deny benefits to [Claimant]. b. There is a lack of substantial evidence to support the decision of the [UCBR] that reverses the decision of the [r]eferee and denies benefits to [Claimant].

*Id.* at 132. The petition before the Court in *Deal* did not contain any statement that fairly embraced the legal issue therein (willful misconduct), and did not identify specific findings that were allegedly unsupported by substantial evidence; thus, the petition contained no issues for review.

■ In the instant case, Claimant's petition suffers from the same insufficiencies as the petition in *Deal*. Claimant's Petition for Review states merely that the determinations in the UCBR's April 11, 2008 order were "not supported by the record," and "that there is no legal basis for the UC[BR]'s denial of [his] benefits." Appellant's Amended Notice of Appeal/Petition for Review at 1. Claimant's Petition for Review offers no statement that this Court could deem "fairly embraces" willful misconduct, nor does it set forth what findings of fact were unsupported by the evidence. Accordingly, although developed in Claimant's brief, his arguments regarding the issues will not be considered by this Court on appeal. *See Deal*. Further, at no point in Claimant's brief does he develop an argument with regard to the issues raised in the UCBR's Application for Relief in the Form of a Motion to Strike Claimant's

Petition for Review and Dismiss His Appeal, despite this Court's direction to do so. *See Rapid Pallet v. Unemployment Comp. Bd. of Rev.*, 707 A.2d 636 (Pa. Cmwlth.1998).

For all of the above reasons, the UCBR's Application for Relief in the Form of a Motion to Strike Claimant's Petition for Review and Dismiss His Appeal is granted, and Claimant's appeal is dismissed.

■ If this Court were to address the merits of this appeal, we would conclude that the UCBR did not err when it determined that Claimant's actions rose to the level of willful misconduct.

> [W]illful misconduct includes behavior evidencing a willful disregard of an employer's interest, a deliberate violation of an employer's work rules, and/or a disregard of the standards of behavior an employer can rightfully expect from its employees. The employer bears the initial burden of proving a claimant engaged in willful misconduct. Once the employer meets its burden, a claimant may then prove he had good cause for his actions.... [D]isregarding an employer's clear and simple instructions without good cause constitutes willful misconduct.

*Pearson*, 954 A.2d at 1263–64 (citations omitted).

There is substantial evidence in the record to support the UCBR's findings. Claimant testified that the Employer had a procedure in place whereby staff members must be present in the classrooms while classes are being conducted, unless they have other job duties at that time. Notes of Testimony, February 5, 2008 (N.T.) at 16, 19. Claimant acknowledged that he was responsible for ensuring that staff members supervised the youth. N.T. at 16, 19. According to Angela Panichella,

the Employer's residential operations director, on November 20, 2007, while Claimant was on duty, the classrooms were not supervised by staff members while classes were being conducted. N.T. at 6, 9, 11–12. Claimant admitted that the class supervision procedure was reiterated to him on the morning of November 20, 2007 by Ms. Panichella. N.T. at 19. According to Ms. Panichella, however, four hours later, Claimant continued in his failure to follow that procedure. N.T. at 6. According to Ms. Panichella and a Mr. Byers, Claimant was terminated on November 20, 2007, solely due to his failure to follow the Employer's instructions on that date. N.T. at 5, 10–11.

Based upon the record, we would find that the Employer met its burden of proving Claimant committed willful misconduct by disregarding the Employer's clear and simple instruction on November 20, 2007. In addition, Claimant offered no credible evidence to support a finding of good cause for his actions. Accordingly, there was substantial evidence to support the UCBR's determinations.

### ORDER

AND NOW, this 18th of December, 2008, the Unemployment Compensation Board of Review's May 20, 2008 Application for Relief in the Form of a Motion to Strike Claimant's Petition for Review and Dismiss His Appeal is GRANTED, and Claimant's appeal is hereby DISMISSED.