**Joseph P. MAHER, Petitioner**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 16, 2009.
Decided Oct. 27, 2009.

Joseph P. Maher, Esq., petitioner, pro se.

Carol J. Mowery, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, PELLEGRINI, Judge, LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge PELLEGRINI.

Joseph P. Maher (Claimant), proceeding *pro se*, petitions for review from an order of the Unemployment Compensation Board of Review (Board) affirming the Referee's decision denying him unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law)[1] because he was discharged for willful misconduct when he failed to comply with Karoly Law Offices' (Employer) directive to timely file a court document. Because Claimant has failed to preserve any issues for appeal, the order of the Board is affirmed.

Claimant was employed by Employer as an attorney from May 2, 2006, through his last day of work on December 24, 2007. He was discharged on December 24, 2007, for failing to timely file a complaint as requested by Employer. Claimant filed for unemployment compensation benefits with the Allentown UC Service Center which were denied, and he filed a request for a hearing with a Referee. The Referee denied Claimant benefits after finding that Claimant had been told that a complaint had to be timely filed, that the complaint had not been timely filed, and that behavior constituted willful misconduct. Further, Employer had been dissatisfied with Claimant's performance throughout his employment with Employer.

Claimant appealed and the Board found that he had a history of failing to take appropriate action with legal cases and ignoring deadlines and Employer had given him many "second chances." Specific to the incident at hand, the Board found that Employer had repeatedly reminded Claimant that this particular filing was due in court on December 21, 2007, and if the deadline passed, the case would be dismissed. Despite this warning, Claimant did not file the document by the deadline. Employer then told Claimant that he had to make the filing at the courthouse in Northampton County when it opened at 8:30 a.m. on December 24, 2007, and Claimant assured Employer he would work on the document over the weekend.

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). That section provides:

. An employe shall be ineligible for compensation for any week—

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act.

Claimant did not come to the office over the weekend and only appeared at the office at 8:00 a.m. on December 24, 2007, not enough time to prepare the document. Claimant's only explanation for failing to work on the document over the weekend was that he was busy. Claimant was discharged for failing to comply with Employer's directive regarding the filing which amounted to willful misconduct. The Board stated that it credited Employer's testimony over Claimant's because Claimant had a history of failing to comply with deadlines, was repeatedly reminded of the importance of the filing, and still missed the filing deadline. Claimant did not justify his failure to comply with Employer's reasonable directive, and the Board affirmed the denial of benefits.[2]

Claimant then filed a petition for review with this Court from the Board's decision stating this Court's jurisdiction over the petition, naming the parties and the determination sought to be reviewed, and alleging the following under "Objections to the Determination:"

6. The determination of the Unemployment Compensation Board of Review is not supported by substantial evidence.

7. The determination of the Unemployment Compensation Board of Review is based on errors of law.

Claimant requests this Court to reverse the Board's order or, in the alternative, to remand the matter to the Board for further proceedings and the entry of a new order and/or a remand to the Referee to hear additional testimony from subpoenaed witnesses.

In response, the Board filed a motion to strike Claimant's petition for review for failing to preserve any issue for this Court's review. Specifically, the Board argued that Claimant's petition merely reiterated our standard of review and failed to articulate specific objections to the Board's decision as required by Pa.R.A.P. 1513(d); *see also Deal v. Unemployment Compensation Board of Review,* 878 A.2d 131 (Pa. Cmwlth.2005). Following the Board's motion, we ordered the motion to be decided with the merits of this case. The parties were directed to address whether this case is controlled by *Deal* or *Pearson v. Unemployment Compensation Board of Review,* 954 A.2d 1260 (Pa.Cmwlth.2008), and whether the opinions in those cases could be reconciled.

■ A petition for review must conform to the requirements of Pa.R.A.P. 1513(d). Rule 1513(d) requires "a general statement of the objections to the order or other determination." This general statement will be deemed to include every subsidiary question fairly comprised therein. *Id.* However, more than a restatement of our standard of review is required. *Deal.* We will not consider issues raised in a party's brief when they are not sufficiently addressed in the petition for review. *Jimoh v. Unemployment Compensation Board of Review,* 902 A.2d 608 (Pa. Cmwlth.2006).

In *Deal,* the claimant's petition for review merely restated our standard of review and contained nothing that fairly embraced the arguments that the claimant raised in her brief. There, the claimant's petition for review stated her objections to the Board's decision as follows:

a. The [Board] was guilty of an error of law in deciding to reverse the decision of the Referee and deny benefits to [claimant].

---

2. Determining that Claimant received a full and fair hearing, the Board concluded that the Referee properly denied Claimant's un- justified subpoena requests. The Board also denied Claimant's request that the record be remanded for additional testimony.

b. There is a lack of substantial evidence to support the decision of the [Board] that reverses the decision of the [r]eferee and denies benefits to [claimant].

*Deal,* 878 A.2d at 132. In her brief, the claimant argued that the Board erred as a matter of law in determining that her conduct rose to the level of willful misconduct and substantial evidence supported the referee's decision rather than the Board's. We concluded that the claimant's petition contained no statement that addressed willful misconduct and failed to identify any specific finding of fact allegedly unsupported by substantial evidence, resulting in the waiver of both issues. *Id.* We explained our reasoning as follows:

> Rule 1513(d) of the Pennsylvania Rules of Appellate Procedure requires that an appellate jurisdiction petition for review contain, *inter alia,* "a general statement of the objections to the order or other determination." Pa.R.A.P. 1513(d). The statement of objections is a notice pleading, ... but must do more than simply restate our scope of review as Claimant's petition does here. The Appellate Rules further state that "[t]he statement of objections will be deemed to include every subsidiary question fairly comprised therein," **a petition for review under Pa.R.A.P. 1513(d) must state its objections with "sufficient specificity to permit the conversion of an appellate document to an original jurisdiction pleading and vice versa should such action be necessary to assure proper judicial disposition."** Pa.R.A.P. 1513, Note. This court has declined to consider issues addressed in a claimant's brief but not in his or her petition for review.

878 A.2d at 132–133. (Citations omitted.) (Emphasis added.) Because there was insufficient information from which the Court could determine the allegations that the claimant was making in her petition for review, the petition was dismissed.

However, in *Pearson,* despite the fact that the claimant's petition for review did not specify allegations, we went on to address the arguments in the claimant's brief related to willful misconduct. We did so based on the following rationale:

> First, Claimant contends the Board failed to "review all the facts." We interpret Claimant's assertion as a challenge to the evidentiary support for the Board's findings regarding the circumstances of Claimant's discharge. Second, we interpret Claimant's assertion that "this case is not strong enough" to withhold unemployment compensation benefits as challenging whether Employer met its burden to prove it discharged Claimant for cause. Because Claimant sufficiently addresses these arguments in his handwritten appellate brief, we will consider them on their merits.

*Pearson,* 954 A.2d at 1263. (Citations and footnote omitted.)

While, somehow, the Court in *Pearson* was able to discern what objection the claimant was making, we were not able to do so in *Patla v. Unemployment Compensation Board of Review,* 962 A.2d 724 (Pa. Cmwlth.2008), where we followed our decision in *Deal* and found an insufficient petition for review resulted in waiver. There, the petition suffered from the same deficiency present in *Deal.* The claimant's petition objected to the Board's order denying him benefits because the Board's determinations "were not supported by the record, and that there is no legal basis for the [Board's] denial of [his] benefits." *Patla,* 962 A.2d at 726 (internal quotation marks and footnote omitted). As in *Deal,* we concluded that the claimant's petition did not address the issue complained of on appeal, willful miscon-

duct, and did not identify any specific findings allegedly unsupported by the evidence, and, therefore, preserved no issues for appellate review. *Id.*

■ In the present case, just as in *Deal,* Claimant's statement of objections to the Board's determination contained in his petition for review reads in its entirety: "6. The determination of the [Board] is not supported by substantial evidence. 7. The determination of the [Board] is based on errors of law." (Petition for review at 2.) Nowhere is there any mention of any issue regarding willful misconduct. Only in his brief does he argue that the Board erred because Employer failed to meet its burden to prove he committed willful misconduct. Claimant also argues that the real reason for his termination was a heated verbal exchange between himself and Employer which Employer unjustifiably provoked and, therefore, he was not guilty of willful misconduct. Based on our holdings in *Patla* and *Deal,* Claimant's petition clearly fails to articulate any statement in his petition for review that addresses the issue of willful misconduct and does not challenge any specific factual findings, thereby resulting in the waiver of those issues.

■ Consequently, we reaffirm our decisions in *Deal* and *Patla,* overturn *Pearson* to the extent it is inconsistent with those two cases, and hold that a petition for review that merely restates our standard of review and does not address the petitioner's arguments on the merits preserves no issues for our review. Accordingly, we grant the Board's motion to strike Claimant's petition for review.[3]

---

3. Even if we were to address the merits of the petition for review, we would still affirm the Board's decision. Claimant raises issues of credibility rulings made by the Referee. However, the Board found Employer credible that it directed Claimant to complete the com-

Judges COHN JUBELIRER and SIMPSON did not participate in the decision of this case.

### ORDER

AND NOW, this 27th day of October, 2009, the Unemployment Compensation Board of Review's motion to strike Claimant's petition for review and dismiss his appeal is granted, and Claimant's appeal is dismissed.

### DISSENTING OPINION BY Judge LEAVITT.

I respectfully dissent. The premise to the majority's decision is that a petition for review must articulate specific objections to the underlying agency decision or face dismissal. That premise, however, is directly contrary to the plain language of the applicable rule of appellate procedure, Pa. R.A.P. 1513, which requires only a "general statement" of a petitioner's objections. How specific must a general statement of objections be? Because Claimant's petition for review complied with Rule 1513, I would deny the Board's motion to strike the petition.

The contents of a petition for review are directed by Pennsylvania Rule of Appellate Procedure 1513(d), which states:

(d) Content of appellate jurisdiction petition for review. An appellate jurisdiction petition for review shall contain: (1) a statement of the basis for the jurisdiction of the court; (2) the name of the party or person seeking review; (3) the name of the government unit that made the order or other determination sought

plaint and to timely file it, which was not done. Because the Board is the ultimate factfinder in unemployment cases, we would not disturb that finding on appeal. *McCarthy v. Unemployment Compensation Board of Review,* 829 A.2d 1266 (Pa.Cmwlth.2003).

to be reviewed; (4) reference to the order or other determination sought to be reviewed, including the date the order or other determination was entered; (5) *a general statement of the objections to the order or other determination;* and (6) a short statement of the relief sought. *A copy of the order or other determination to be reviewed shall be attached to the petition for review as an exhibit. The statement of objections will be deemed to include every subsidiary question fairly comprised therein.* No notice to plead or verification is necessary.

Pa.R.A.P. 1513(d) (emphasis added). In interpreting Rule 1513, this Court must apply the rules of statutory construction set forth in Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes. Pa. R.A.P. 107. This includes the time-honored rule that the plain language of the rule governs the rule's meaning. 1 Pa.C.S. § 1921(a) and (b).[1]

Rule 1513(d) could not be clearer. In an appellate petition for review, only a "general statement" of a petitioner's objections to the order or determination is required. This Court must construe the rule to give effect to all of its provisions, including the word "general." 1 Pa.C.S. § 1921(a). The word "general" in this context is free from any ambiguity, and this Court may not disregard the letter of the rule. 1 Pa.C.S. § 1921(b). Quite simply, "general" does not mean "specific;" it means the opposite of "specific."

The official note to Rule 1513 does not require the petitioner to present specific, ` as opposed to general, objections. The official note states as follows:

> Subdivisions (d) and (e) reflect the differences in proceeding in a court's original and appellate jurisdiction, while preserving the need for sufficient specificity to permit the conversion of an appellate document to an original jurisdiction pleading and vice versa should such action be necessary to assure proper judicial disposition.

Pa.R.A.P. 1513, Note. This note explains the reason for the rather lengthy content requirements in Rule 1513(d), namely, that these content requirements will yield an appellate petition for review "sufficiently specific" to permit a conversion to the Court's original jurisdiction. The note does not construe the term "general statement," and a note cannot modify the actual language of an appellate rule. Stated otherwise, a petition for review that contains all seven elements set forth in Pa.R.A.P. 1513(d), including a "general statement" of issues, is one that is sufficiently specific to permit conversion to an original petition for review.

Accordingly, I believe the Court misconstrued the meaning of the official note in *Deal v. Unemployment Compensation Board of Review*, 878 A.2d 131 (Pa. Cmwlth.2005). The Court wrote:

> However, while "deemed to include every subsidiary question fairly comprised therein," a petition for review under Pa. R.A.P. 1513(d) must state its objections with "sufficient specificity to permit the conversion of an appellate document to an original jurisdiction pleading and vice

---

1. These provisions state:

    (a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

    (b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921.

versa should such action be necessary to assure proper judicial disposition." PA. R.A.P. 1513, Note.

*Deal,* 878 A.2d at 132–133. I believe this analysis to be incorrect. The note does not, as explained above, amend PA.R.A.P. 1513(d) to require a petitioner to "state [his] objections with sufficient specificity."

In *Pearson v. Unemployment Compensation Board of Review,* 954 A.2d 1260 (Pa.Cmwlth.2008), this Court offered a better approach for evaluating whether a petition for review contains a "general statement" of issues. In that case, the claimant raised two issues in his petition for review: (1) "the Board failed to 'review all the facts;'" and (2) "'this case is not strong enough' to withhold unemployment compensation benefits." *Pearson,* 954 A.2d at 1263. Applying the proviso that "[t]he statement of objections will be deemed to include every subsidiary question fairly comprised therein," PA.R.A.P. 1513(d), we construed the claimant's "general statement" of issues to challenge the sufficiency of the evidence and whether the employer had sustained its burden of proof. In doing so, we looked beyond the four corners of the petition for review and noted that "[c]laimant sufficiently addresses these arguments in his handwritten appellate brief." *Pearson,* 954 A.2d at 1263.

*Pearson* recognizes that a petition for review should not be considered in a vacuum. Indeed, Rule 1513 requires the petitioner to attach a copy of the challenged order or determination, *i.e.,* the adjudication, to the petition for review. By putting the "general statement" together with the attached adjudication, "every subsidiary question fairly comprised" can be discussed. The *Pearson* approach is preferable to the drastic measure of striking a

petition for review on a technicality and effectively putting a litigant out of court.

In the case *sub judice,* Claimant alleged the following in his petition for review:

6. The determination of the Unemployment Compensation Board of Review is not supported by substantial evidence.

7. The determination of the Unemployment Compensation Board of Review is based on errors of law.

As in *Pearson,* it is not difficult to interpret the meaning of Claimant's broadly stated issues. The Board's adjudication reveals that its "determination" was that Claimant was "ineligible for benefits under the provisions of Section 402(e) of the Pennsylvania Unemployment Compensation Law." Board Decision and Order at 3. Stated another way, the Board found that Claimant was disqualified from receiving benefits by reason of his willful misconduct. Accordingly, it is clear that the issue is willful misconduct and whether the Board's conclusion in this regard was correct with respect to its findings of fact and application of the law. This satisfies PA. R.A.P. 1513(d).

In sum, the majority has inexplicably, and unjustifiably, rewritten the plain language of Rule 1513(d) to mean the opposite of what it says. Instead of a "general statement" of issues, now a "specific" statement of issues is required. The majority does so by relying on *Deal,* which I posit was wrongly decided based upon a misapplication of the official note to Rule 1513. I would follow *Pearson.*[2]

---

**2.** As for the merits of Claimant's petition for review, I agree with the majority that this

Court would affirm the Board's order, for the

reasons set forth in footnote 3 of the lead