**Rule 1513. Petition for Review.**

 (a) *Caption and parties on appeal*. In an appellate jurisdiction petition for review, the aggrieved party or person shall be named as the petitioner and, unless the government unit is disinterested, the government unit and no one else shall be named as the respondent. If the government unit is disinterested, all real parties in interest, and not the government unit, shall be named as respondents.

 (b) *Caption and parties in original jurisdiction actions*. The government unit and any other indispensable party shall be named as respondents. Where a public act or duty is required to be performed by a government unit, it is sufficient to name the government unit, and not its individual members, as respondent.

 (c) *Form*. Any petition for review shall be divided into consecutively numbered paragraphs. Each paragraph shall contain, as nearly as possible, a single allegation of fact or other statement. When petitioner seeks review of an order refusing to certify an interlocutory order for immediate appeal, numbered paragraphs need not be used.

 (d)  *Content of appellate jurisdiction petition for review*. An appellate jurisdiction petition for review shall contain:

 [(1)] **1.**  a statement of the basis for the jurisdiction of the court;

 [(2)] **2.**  the name of the party or person seeking review;

 [(3)] **3.** the name of the government unit that made the order or other determination sought to be reviewed;

 [(4)] **4.** reference to the order or other determination sought to be reviewed, including the date the order or other determination was entered;

 [(5)] **5.** a general statement of the objections to the order or other determination**, but the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record**; [and]

 [(6)] **6.** a short statement of the relief sought**; and**

  **7. [. A]**a copy of the order or other determination to be reviewed**, which** shall be attached to the petition for review as an exhibit.  **[The statement of objections will be deemed to include every subsidiary question fairly comprised therein.]**

No notice to plead or verification is necessary.

Where there were other parties to the proceedings conducted by the government unit, and such parties are not named in the caption of the petition for review, the petition for review shall also contain a notice to participate, which shall provide substantially as follows:

If you intend to participate in this proceeding in the (Supreme, Superior or Commonwealth, as appropriate) Court, you must serve and file a notice of intervention under **[Rule]Pa.R.A.P.** 1531 of the Pennsylvania Rules of Appellate Procedure within 30 days.

(e) *Content of original jurisdiction petition for review*. A petition for review addressed to an appellate court's original jurisdiction shall contain:

> **[(1)] 1.** a statement of the basis for the jurisdiction of the court;
>
> **[(2)] 2.** the name of the person or party seeking relief;
>
> **[(3)] 3.** the name of the government unit whose action or inaction is in issue and any other indispensable party;
>
> **[(4)] 4.** a general statement of the material facts upon which the cause of action is based; **[and]**
>
> **[(5)] 5.** a short statement of the relief sought**[.]; and**
>
> **6. [It shall also contain]** a notice to plead and **[be verified] verification** either by oath or affirmation or by verified statement.

(f) *Alternative objections*. Objections to a determination of a government unit and the related relief sought may be stated in the alternative, and relief of several different types may be requested.

Official Note:  The 2004 amendments to this rule clarify what must be included in a petition for review addressed to an appellate court's appellate jurisdiction and what must be included in a petition for review addressed to an appellate court's original jurisdiction. Where it is not readily apparent whether a "determination" (defined in **[Rule] Pa.R.A.P.** 102 as "[a]ction or inaction **[of] by** a government unit**"**) is reviewable in the court's appellate or original jurisdiction, compliance with the requirements of **[Subdivisions]paragraphs** (d) and (e) is appropriate.

**[Subdivisions]Paragraphs** (a) and (b) reflect the provisions of **[Rule]Pa.R.A.P.** 501 **[(Any Aggrieved Party May Appeal)]**, **[Rule]Pa.R.A.P.** 503 **[(Description of Public Officers)]**, Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702 (Appeals), and Pa.R.C.P. **No.** 1094 (regarding parties defendant in mandamus actions).

Government units that are usually disinterested in appellate jurisdiction petitions for review of their determinations include:
 • the Board of Claims,
 • the Department of Education (with regard to teacher tenure appeals from local school districts pursuant to section 1132 of the Public School Code of 1949, 24 P. S. § 11-1132),
 • the Environmental Hearing Board,
 • the State Charter School Appeal Board,

2

• the State Civil Service Commission, and
• the Workers' Compensation Appeal Board.

The provision for joinder of indispensable parties in original jurisdiction actions reflects the last sentence of section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c), providing for the implementation of ancillary jurisdiction of the Commonwealth Court by general rule.

[Subdivisions]Paragraphs (d) and (e) reflect the differences in proceeding in a court's original and appellate jurisdiction, while preserving the need for sufficient specificity to permit the conversion of an appellate document to an original jurisdiction pleading and vice versa should such action be necessary to assure proper judicial disposition. See also the notes to [Rules]Pa.R.A.P. 1501 and 1502. **[The paragraph regarding the notice to participate was formerly found in Rule 1514(c).]**

[**Explanatory Comment—1979**
**The note is expanded to reflect the fact that the Department of Education does not defend its decisions in teacher tenure appeals from local school districts.**]

[**Explanatory Comment -- 2011**
**With respect to the general statement of objections in an appellate jurisdiction petition for review required in subdivision (d)(5), see *Maher v. Unemployment Comp. Bd. of Review*, 983 A.2d 1264, 1266 (Pa. Cmwlth. 2009).**]

**Official Note - 2014**
**The 2014 amendments to Pa.R.A.P. 1513(d) relating to the general statement of objections in an appellate jurisdiction petition for review are intended to preclude a finding of waiver if the court is able, based on the certified record, to address an issue not within the issues stated in the petition for review but included in the statement of questions involved and argued in a brief. The amendment neither expands the scope of issues that may be addressed in an appellate jurisdiction petition for review beyond those permitted in Pa.R.A.P. 1551(a) nor affects Pa.R.A.P. 2116's requirement that "[n]o question will be considered unless it is stated in the statement of questions involved [in appellant's brief] or is fairly suggested thereby."**