# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joseph J. Hassler, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2339 C.D. 2014 |
| | : | Submitted: May 22, 2015 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:  HONORABLE DAN PELLEGRINI, President Judge
  HONORABLE P. KEVIN BROBSON, Judge
  HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                         **FILED:  August 27, 2015**

Petitioner Joseph J. Hassler (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board).  The Board affirmed an Unemployment Compensation Referee's (Referee) decision denying Claimant unemployment compensation benefits.  For the reasons set below, we affirm.

Claimant was employed by Erie Civic Theatre Association (Employer) as a scenic and lighting designer.  Claimant filed for unemployment compensation benefits after his employment ceased on July 10, 2014.  The Erie UC Service Center (Service Center) noted that there was a conflict as to whether Claimant quit or was discharged, found that Employer initiated the separation, and found that Claimant's actions did not rise to the level of willful misconduct.

(Certified Record (C.R.), Item No. 5.) The Service Center then found Claimant eligible for unemployment compensation benefits. Employer appealed.

A Referee conducted an evidentiary hearing on September 10, 2014, during which Claimant, a witness on behalf of Claimant, and two witnesses for Employer testified regarding an argument in which Claimant was involved regarding another employee's tardiness. (C.R., Item No. 9.) Of significance to this matter is the testimony relating to the circumstances surrounding physical contact that occurred between Claimant and Employer's executive director during the argument.[1]

Almitra Clerkin, Employer's executive director, testified that Claimant, the tardy employee, and she were involved in an argument over the employee's tardiness and nonperformance in building a platform. (*Id.* at 7-9.) At one point, Claimant and the employee began walking away from the argument. (*Id.* at 15.) The executive director testified that she yelled at Claimant and the employee to return, after which the argument escalated, with all parties yelling at each other. (*Id.* at 8.) After Claimant and the employee walked back towards the executive director, the argument continued, and Claimant then grabbed the executive director's arm. (*Id.* at 8.)

With regard to Employer's response to the incident, the executive director testified that Employer's handbook allows for immediate termination for willful misconduct and includes a "respect policy," which prohibits harassment. (*Id.* at 10.) The policy defines harassment as "any behavior that is verbal, physical,

---

[1] The employee who was tardy and the subject of the argument did not testify before the Referee.

2

deliberate, unsolicited or unwelcome. It may be one incident or a series of incidents."[2] (*Id.*) After consulting with other management staff, the executive director drafted a letter, which offered Claimant the choice between retirement with short-term benefits and termination with no benefits. (*Id.* at 9.) The executive director admitted that the letter was a "take it or leave it" agreement. (*Id.* at 13.)

Richard Davis, Employer's producing director, agreed with the executive director's version of the incident. (*Id.* at 19.) He testified that Claimant's conduct had become more aggressive and he had become more difficult to work with over the years and that the conduct on the day in question could not be allowed because it "was beyond a normal conversation." (*Id.* at 20-22.) He did not recall precisely what precipitated Claimant grabbing the executive director's arm, but he believed Claimant may have done it "to grab her attention . . . to sort of shut her up so he could say what he wanted to say." (*Id.* at 25.)

Claimant testified that he touched the executive director's hands to calm her down and that he never grabbed her arm. (*Id.* at 26.) Claimant explained how the argument was purely about the employee's tardiness and nonperformance, and that everything said was work-related. (*Id.*) Claimant also stated that he

---

[2] Employer introduced the policy into the record, and the Referee admitted it. The policy provides a non-exhaustive list of conduct that may be considered harassment, including "[u]nnecessary physical contact such as touching, patting, pinching, punching [or] . . . [p]hysical assault." (C.R., Item No. 9, Ex. 1 at 9.) The handbook also provides that "[h]arassment will be considered to have taken place if a reasonable person ought to have known that such behavior was unwelcome." (*Id.*)

3

attempted to walk away from the argument right before he touched the executive director's hands. (*Id.*)

Alan Koch, a volunteer for Employer, testified on behalf of Claimant. He testified that there was a lot of tension among people at the theater because they were trying to get a big show finished, an employee was late a few days, someone wanted some things changed that were already finished, and everyone was behind on their work. (*Id.* at 31-32.) He testified that the executive director and Claimant were screaming at each other over the employee's tardiness and nonperformance. (*Id.*) He saw Claimant walk over to the executive director and reach his hand out toward her, but, from his angle, he was unable to see whether Claimant actually touched the executive director. (*Id.*)

The Referee reversed the Notice of Determination and found Claimant ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), relating to willful misconduct.[3] (C.R., Item No. 10.) The Referee determined that Claimant was discharged from his employment for willful misconduct after making physical contact with the executive director during an argument. (*Id.*)

Claimant appealed to the Board, which affirmed the Referee's decision. In doing so, the Board made the following findings of fact:

1. The claimant was last employed as a scenic and lighting designer by Erie Civic Theatre Association at a final rate of $652.56 per week. The claimant began employment on July 1, 1978, and his last day of work was July 10, 2014.

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

2. On July 10, 2014, the claimant talked to the executive director about an employee that was late and did not complete their [sic] work from the day before.

3. The claimant and the executive director went to talk to the employee and they began discussing why the employee did not finish a platform he was asked to build.

4. The employee indicated that he thought he could reuse another platform, which the claimant disagreed with.

5. The executive director told the claimant and the employee that they would discuss it after a staff meeting.

6. Following the staff meeting, the executive director, the claimant, and the employee had another meeting with additional employees.

7. During the meeting, the claimant made a comment to the employee about being late and a confrontation began.

8. The executive director, the claimant, and the employee used raised voices.

9. The claimant was not addressing the executive director in a respectful manner and was aggressive.

10. During the confrontation, the claimant grabbed the executive director's arm and shouted at her.

11. The executive director moved away from the claimant.

12. After the confrontation, the employer gave the claimant the choice to retire and receive vacation pay and short-term benefits or be discharged without any of the benefits.

13. The claimant signed a letter prepared by the employer stating that he was retiring.

14. The employer discharged the claimant for, among other reasons, physically grabbing the executive director.

(C.R., Item No. 14.)

The Board concluded that Claimant's "grabbing of the executive director amounted to willful misconduct," and, therefore, it denied Claimant benefits. (*Id.*) In doing so, the Board reasoned:

> [E]mployer discharged [C]laimant for, among other reasons, physically grabbing the executive director. The executive director and producing director credibly testified that [C]laimant was not addressing the executive director in a respectful manner, that he was aggressive, and that he grabbed the executive director's arm during the confrontation. The Board finds that [C]laimant disregarded the standards of behavior which [E]mployer had a right to expect. The burden shifts to [C]laimant to prove good cause for his conduct.
>
> [C]laimant and his witness do not dispute that he physically touched the executive director. [C]laimant, however, testified that he merely touched the executive director's hands to calm her down and that she kept saying "don't touch me" and "get away." The Board does not find [C]laimant's and his witness's testimony to be credible that he merely touched the executive director's hands. Therefore, the Board finds that [C]laimant did not establish proper cause for his conduct.

(*Id.*) Claimant petitioned the Board for reconsideration, which the Board denied. (C.R., Item No. 16.) Claimant then petitioned this Court for review of the Board's order.

On appeal,[4] Claimant argues that (1) the Board capriciously disregarded relevant evidence; (2) the Board erred as a matter of law in not

---

[4] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

viewing the incident as *de minimis* in nature; and (3) the Board erred as a matter of law in denying Claimant benefits based on willful misconduct.

First, we will address Claimant's argument that the Board capriciously disregarded relevant evidence in its findings of fact. Claimant argues that the Board contradicted itself by finding Employer's witnesses to be more credible, yet ignoring the producing director's somewhat contradictory testimony that Claimant was merely trying to get the attention of the executive director and was not attempting to harm her in anyway. Claimant also argues that the Board ignored the progression of the fight, which would show that the executive director refused to allow Claimant to walk away and defuse the situation.

This Court has explained:

When determining whether the Board capriciously disregarded the evidence, the Court must decide if the Board deliberately disregarded competent evidence that a person of ordinary intelligence could not conceivably have avoided in reaching a particular result, or stated another way, if the Board willfully or deliberately ignored evidence that any reasonable person would have considered to be important.

*Jackson v. Unemployment Comp. Bd. of Review*, 933 A.2d 155, 156 n.4 (Pa. Cmwlth. 2007). We have characterized capricious disregard of evidence as "a deliberate and baseless disregard of apparently reliable evidence." *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807, 814 (Pa. Cmwlth.), *appeal denied*, 887 A.2d 1243 (Pa. 2005).

In the case now before the Court, Claimant and Employer both presented testimony regarding the altercation at the center of Claimant's

7

discharge.[5] As discussed above, Claimant testified that he "touched her hands . . . . just grabbed her hands . . . . never touched her arm . . . . [and] never grabbed her arm . . . ." (C.R., Item No. 9, at 26.) The producing director testified that "[Claimant] grabbed [the executive director's] arm." (*Id.* at 25.) The executive director testified that "[Claimant] grabbed my arm." (*Id.* at 8.) The co-worker could not say for certain if Claimant touched the executive director.

The Board reviewed all of the testimony and found Employer's witnesses' testimony to be more credible than Claimant's.[6] The Board thus resolved all conflicts in testimony in favor of Employer. The Board made its decision to deny benefits largely on the fact that it found that Claimant grabbed the executive director. In so finding, the Board relied upon the testimony of Employer's executive director and producing director. The Board did not disregard relevant evidence merely because it chose not to accept Claimant's version of events that Claimant only grabbed or touched the executive director's hand. Thus, as there has been no capricious disregard of evidence and substantial evidence exists to support the findings, we will not disturb the findings on appeal.[7]

---

[5] This Court's analysis is limited to the issue of Claimant grabbing the executive director, because the Board concluded that the physical grab constituted willful misconduct in itself, and, therefore, the Board did not consider whether the other reasons for discharge also constituted willful misconduct.

[6] The Board is the ultimate fact finder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1388 (Pa. 1985). Thus, in the face of conflicting evidence, the Board exercised its discretion to resolve evidentiary conflicts, and its credibility determinations "are not subject to re-evaluation on judicial review." *Id.*

[7] Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). In determining whether there is substantial evidence to support the Board's **(Footnote continued on next page…)**

8

Next, we will address Claimant's argument that the Board erred as a matter of law in not viewing the incident as *de minimis* in nature. Unintentional, *de minimis* incidents of misconduct do not constitute willful misconduct. *Miller v. Unemployment Comp. Bd. of Review*, 415 A.2d 454, 455 (Pa. Cmwlth. 1980). However, an intentional act of misconduct, even if only a small impact on an employer, does constitute willful misconduct. *Nolan v. Unemployment Comp. Bd. of Review*, 425 A.2d 1203, 1206 (Pa. Cmwlth. 1981) (holding that employee's falsification of qualification records was not *de minimis* in nature). A *de minimis* argument has no place in cases involving a deliberate violation of employer's rules. *Sheets v. Unemployment Comp. Bd. of Review*, 708 A.2d 884, 885 (Pa. Cmwlth. 1998).

Claimant argues that his actions should be considered *de minimis* because the executive director "not only . . . participate[d] in the argument, but that she took a leading role in the escalation of the argument," the argument did not

---

**(continued…)**

findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence. *Id.* A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the record as a whole. *Taylor v. Unemployment Comp. Bd. of Review*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal only so long as the record, taken as a whole, contains substantial evidence to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984). "The fact that [a party] may have produced witnesses who gave a different version of the events, or that [the party] might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." *Tapco, Inc. v. Unemployment Comp. Bd. of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Similarly, even if evidence exists in the record that could support a contrary conclusion, it does not follow that the findings of fact are not supported by substantial evidence. *Johnson v. Unemployment Comp. Bd. of Review*, 504 A.2d 989, 990 (Pa. Cmwlth. 1986).

consist of verbal abuse, threats, or offensive language of any kind, and Claimant did not attack the executive director, but rather, he was trying to calm her down and de-escalate the situation. (Petitioner's Brief at 9.) The Board, however, did not find Claimant's testimony credible that he was merely trying to calm the executive director. Rather, as noted above, the Board found that Claimant "was not addressing the executive director in a respectful manner and was aggressive" and that "[d]uring the confrontation, [C]laimant grabbed the executive director's arm and shouted at her." (C.R., Item No. 14, Findings of Fact Nos. 9, 10.) We, therefore, reject Claimant's argument that the Board erred as a matter of law in not viewing the incident as *de minimis* in nature.

Last, we will address Claimant's argument that the Board erred as a matter of law in concluding that Claimant engaged in willful misconduct. Section 402(e) of the Law, in part, provides that an employee shall be ineligible for compensation for any week in which "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." The employer bears the burden of proving that the claimant's unemployment is due to the claimant's willful misconduct. *Walsh v. Unemployment Comp. Bd. of Review*, 943 A.2d 363, 368 (Pa. Cmwlth. 2008). The term "willful misconduct" is not defined by statute. The courts, however, have defined "willful misconduct" as follows:

> (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rule; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

10

*Grieb v. Unemployment Comp. Bd. of Review*, 827 A.2d 422, 425 (Pa. 2003). Whether an employee's actions constitute willful misconduct is a question of law subject to *de novo* review by this Court and must be determined based on a consideration of all of the circumstances. *Docherty v. Unemployment Comp. Bd. of Review*, 898 A.2d 1205, 1209 (Pa. Cmwlth. 2006).

Generally, the law is clear on what constitutes willful misconduct when there is an act towards another person. In *Sorge v. Unemployment Compensation Board of Review*, 370 A.2d 818 (Pa. Cmwlth. 1977), this Court stated that "*[p]hysical attacks* are clearly in disregard of the most basic standards of behavior which any employer may reasonabl[y] expect." *Id.* at 819 (emphasis added). A single workplace altercation involving pushing or shoving can constitute willful misconduct as a matter of law. *Wisniewski v. Unemployment Comp. Bd. of Review*, 383 A.2d 254, 255 (Pa. Cmwlth. 1978). In *Pearson v. Unemployment Compensation Board of Review*, 954 A.2d 1260 (Pa. Cmwlth. 2008),[8] we stated that "*fighting or engaging in a physical altercation with a fellow employee or superior*, without good cause, constitutes a disregard of the standards [of] behavior an employer can rightfully expect from its employees." *Id.* at 1264 (emphasis added).

Here, the Board concluded that Claimant's grabbing of the executive director constituted willful misconduct. The Board found that Claimant grabbed the executive director's arm and shouted at her during an argument. The Board also found that Claimant was not addressing the executive director in a respectful

---

[8] *Pearson* was abrogated on other grounds by this Court in *Maher v. Unemployment Compensation Board of Review*, 983 A.2d 1264 (Pa. Cmwlth. 2009), *appeal denied*, 996 A.2d 493 (Pa. 2010).

11

manner and was aggressive during the argument. These facts constitute willful misconduct, because Claimant's actions were in disregard of the standard of behavior that an employer has a right to expect of an employee. The Board did not err in concluding that Claimant engaged in willful misconduct, thereby denying Claimant unemployment compensation benefits.

Accordingly, we affirm the Board's decision.

_____
P. KEVIN BROBSON, Judge

Senior Judge Colins dissents.

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph J. Hassler,                               :
                        Petitioner               :
                                                 :
            v.                                   :    No. 2339 C.D. 2014
                                                 :
Unemployment Compensation                        :
Board of Review,                                 :
                        Respondent               :

# **O R D E R**

AND NOW, this 27th day of August, 2015, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge